```
BENJAMIN B. WAGNER
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-MC-00116-JAM-EFB |
| Plaintiff, ) | |
| v. ) | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $2,663.00 IN ) U.S. CURRENCY, and ) | |
| APPROXIMATELY $791.00 IN U.S. ) CURRENCY, ) | |
| Defendants. ) | |

Pursuant to the Stipulations for Consent Judgment of Forfeiture, the Court finds:

1. On or about August 15, 2006, potential claimant Maria Isabel Chavez ("Chavez") filed a claim in the administrative forfeiture proceedings with the Drug Enforcement Administration ("DEA") with respect to the approximately $2,663.00 in U.S. Currency and approximately $791.00 in U.S. Currency (the "defendant currency"), seized on or about May 30, 2006. On or about August 18, 2006, potential claimant Francisco Vega ("Vega") filed a claim with DEA to the defendant currency.

2. On June 8, 2006, a Grand Jury in the Eastern District of California charged Vega and Chavez with Conspiracy to Distribute and Possess with Intent to Distribute at Least 50 Grams of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, among other drug related violations. See <u>U.S. v. Francisco Emillio Vega, et al.</u>, 2:06-CR-00236-TLN.

3. The parties entered into numerous stipulations to extend the United States' time to file against the defendant currency in this action.

4. On November 20, 2009, the United States of America and defendant Vega entered into a plea agreement in which he pled guilty to Count Four of the Indictment charging him with Possession with the Intent to Distribute at least 50 grams of Methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1). An Order dismissing the Indictment against Chavez was filed on June 13, 2013.

5. Vega stipulated and agreed that the defendant currency constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of a violation of 21 U.S.C. § 841(a)(1). Chavez agreed that an adequate factual basis exists to support forfeiture of the defendant currency.

6. Chavez and Vega acknowledged that they are the sole owners of the defendant currency and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Chavez and Vega agreed to hold harmless and indemnify the United States.

Chavez waived any filing deadlines that may apply to the civil forfeiture of the defendant currency pursuant to 18 U.S.C. § 983.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of duly executed Stipulations for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulations for Consent Judgment of Forfeiture entered into by and between the parties.

11. All right, title, and interest in the defendant currency shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlements, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: 6/17/2013           /s/ John A. Mendez
                           JOHN A. MENDEZ
                           United States District Court Judge